MARIA M. LAMPASONA, SBN 259675
mlampasona@llcllp.com
TAYLOR J. POHLE, SBN 299794
tpohle@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
2030 Franklin Street, 7th Floor
Oakland, CA  94612
Telephone:    (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendants
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
(also erroneously sued as "BOARD OF TRUSTEE'S"),
MARK W. ROCHA, DIANNA R. GONZALES, STEVEN
BRUCKMAN, TRUDY WALTON, CLARA STARR,
ELIZABETH CORIA, MARYLOU LEYBA-FRANK,
SUNNY L. CLARK, JOSEPH A. GUIRIBA, LEILANI F.
BATTISTE, LETICIA A. SANTANA SAZO, and MARIA
M. LAMPASONA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ESCALANTE,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, and BOARD OF TRUSTEE'S, a State Entity; MARK W. ROCHA, Chancellor, Individually, Jointly, Severally, and in his Official Capacity; DIANNA R. GONZALES, Vice Chancellor, Individually, Jointly, Severally, and in her Official Capacity; STEVEN BRUCKMAN, Executive Vice Chancellor, Individually, Jointly, Severally, and in his Official Capacity; TRUDY WALTON, Vice Chancellor, Individually, Jointly Severally, and in her Official Capacity; CLARA STARR, Associate Vice Chancellor, Individually, Jointly, Severally, and in her Official Capacity; ELIZABETH CORIA, Associate Chancellor, Individually, Jointly, Severally, and in her Official Capacity; MARYLOU LEYBA-FRANK, Dean, Individually, Jointly, Severally, and | Case No. 3:18-cv-05562-HSG<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:           April 25, 2019<br>Time:          2:00 p.m.<br>Courtroom:  2<br>Hon. Haywood S. Gilliam, Jr. |

in her Official Capacity; SUNNY L. CLARK, Associate Dean, Individually, Jointly, Severally, and in her Official Capacity; JOSEPH A. GUIRIBA, Dean, Individually, Joint, Severally, and in his Official Capacity; LEILANI F. BATTISTE, Deputy General Counsel, Individually, Jointly, Severally, and in her Official Capacity; LETICIA A. SANTANA SAZO, Individually, Jointly, Severally, and in her Official Capacity; MARIA M. LAMPASONA, Individually, Jointly, Severally, and in her Official Capacity; SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1021, an Unincorporated Labor Organization; SERVICE EMPLOYEES INTERNATIONAL UNION, CITY COLLEGE CHAPTER, LOCAL 1021, an affiliate Unincorporated Labor Organization; ROXANNE SANCHEZ, President, Individually, Jointly, Severally, and in her Official Capacity as an officer of SEIU Local 1021; GREGORY CROSS, Individually, Jointly, Severally, and in his Official Capacity as an agent of SEIU Local 1021, KADEN KRATZER, Individually, Jointly, Severally, and in his Official Capacity as an agent of SEIU Local 1021; ATHENA STEFF, President, Individually, Jointly, Severally, and in her Official Capacity as an officer of SEIU Local 1021, City College Chapter; KARL A. GAMARRA, Vice President, Individually, Jointly, Severally, and in his Official Capacity as an officer of SEIU Local 1021, City College Chapter; and JOHN DOES 1 through 20,

Defendants.

## I. **INTRODUCTION**

Defendants San Francisco Community College District (erroneously sued as "Board of Trustee's"), Mark W. Rocha, Dianna R. Gonzales, Steven Bruckman, Trudy Walton, Clara Starr, Elizabeth Coria, Marylou Leyba-Frank, Sunny L. Clark, Joseph A. Guiriba, Leilani F. Battiste, Leticia A. Santana Sazo (collectively "the SFCCD defendants") and Maria M. Lampasona

("defendants") hereby submit the following brief in opposition to plaintiff's motion for default judgment against the SFCCD defendants. Defendants oppose this motion on the grounds that they are not in default, as the original complaint was superseded by an amended complaint that was never served on the SFCCD defendants, that plaintiff's attempt to take the SFCCD defendants' default was in bad faith, and that defaults are a disfavored way to resolve litigation, especially in a situation where, as here, the defendants' representative was made known to the plaintiff and the plaintiff attempted to enter a default without first trying to ascertain the defendants' failure to appear.

## II.   PROCEDURAL HISTORY

Plaintiff filed her original complaint in this matter on September 11, 2018. [ECF 1.] Plaintiff's brother, Phillip Martinez, who is not a lawyer, appears to be prosecuting this case on his sister's behalf. The original complaint contained eight "causes of action," and was served on the SFCCD defendants on December 11, 2018. [ECF 1, 18.] The last day for the SFCCD defendants to answer or otherwise respond to the complaint was February 4, 2019. [*Id.*] On January 8, 2019, a month before the SFCCD defendants' responsive pleading was due, plaintiff filed an amended complaint (the "FAC"), in which she (1) alleged a new claim for relief against the SFCCD defendants (the now-eighth "cause of action") and (2) added the SFCCD defendants' outside counsel, Maria Lampasona, as an individual defendant. [ECF 21.] Despite Ms. Lampasona's offer to accept service of the FAC on behalf of the SFCCD defendants, Mr. Martinez did not serve the FAC on any SFCCD defendant. [Declaration of Maria M. Lampasona ("[Lampasona Dec."), ¶ 4 and Exh. A.] Instead, he sent defense counsel the FAC (missing all but one exhibit) and a request for waiver of personal service on Ms. Lampasona individually. [Lampasona Dec., ¶ 4 and Exh. B. Ms. Lampasona pointed out this fact, and yet plaintiff still did not serve the SFCCD defendants with the amended complaint.

Mr. Martinez then inexplicably filed this motion for default on his sister's behalf, attempting to take the default of the SFCCD defendants on the original complaint despite the fact that the original complaint was superseded by the FAC. [ECF 34.] Plaintiff's certificate of service shows service on Ms. Lampasona individually at her former address, although she had not

LOMBARDI, LOPER & CONANT, LLP
2030 Franklin Street, 7th Floor
Oakland, CA 94612

yet appeared in the action. [Lampasona Dec., ¶ 5.] None of the SFCCD defendants were served with plaintiff's motion for default. [*Id.*]

Ms. Lampasona spoke with Mr. Martinez a number of times about the motion for default and plaintiff's failure to serve the FAC on the SFCCD defendants. Initially Mr. Martinez stated that plaintiff did not need to serve the FAC, based on his erroneous belief that the FAC does not include any additional allegations related to the SFCCD defendants. [Lampasona Dec., ¶ 8.] In a subsequent conversation Ms. Lampasona had with plaintiff and Mr. Martinez, they stated that they *did* serve the complaint on the SFCCD defendants by serving Ms. Lampasona as their attorney, even though (1) the SFCCD defendants had not yet appeared, (2) Mr. Martinez confirmed that he only sent one waiver of service (for Ms. Lampasona as a party), and (3) the certificate of service only indicates service on Ms. Lampasona individually (with no reference to the SFCCD defendants). [Lampasona Dec., ¶ 9, Exh. B, E.] In addition to notifying plaintiff and Mr. Martinez of the foregoing defects in effectuating service of the FAC on the SFCCD defendants, Ms. Lampasona advised them that, should they elect to go forward anyway with this frivolous motion, the SFCCD defendants would oppose it and move for an award of sanctions against plaintiff. [Lampasona Dec., ¶ 6, Exh. D, E.] Despite the fact that they have not been served, the SFCCD defendants have elected to voluntarily appear in this action by filing a motion to dismiss the FAC so that all parties are all on the same pleading "track." [Lampasona Dec., ¶ 11.] Plaintiff and Mr. Martinez continue to refuse to withdraw their motion, thus forcing the SFCCD defendants and this Court to expend considerable resources engaging in unnecessary motion practice. [Lampasona Dec., ¶ 9, 10 and Exh. E, F.]

## III. **LEGAL AUTHORITIES**

### A. **Legal Standard**

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. The court has discretion in determining whether to grant or deny a motion for default judgment. *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) and *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980)). A defendant is in "default" if it

fails to plead or otherwise defend against a complaint within the time permitted by the Federal Rules. Fed. R. Civ. Pro. 55(a).

### B. Plaintiff's Motion for Entry of Default is Moot Because the FAC Supersedes the Original Complaint

It is well-established in our circuit that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (internal citation omitted), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927-28 (9th Cir. 2012); see also *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Where, as here, an original complaint is amended by a subsequent complaint, "the original pleading no longer performs any function . . . ." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Plaintiff here filed her original complaint on September 11, 2018. [ECF 1.] Plaintiff then filed the FAC on January 8, 2019. [ECF 21.] Consequently, the FAC superseded the original complaint, and the original complaint ceased to exist. See *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (motion to dismiss complaint was moot because it targeted original complaint "which was no longer in effect" once amended complaint was filed). As in *Ramirez*, plaintiff's motion for default is directed to the original complaint filed on September 11, 2018, which is no longer the operative complaint. Accordingly, plaintiff's motion for default is moot. *Id.; see also Martin v. Muniz*, No. 17-01690 BLF (PR), 2019 U.S. Dist. LEXIS 21978, at *6 (N.D. Cal. Feb. 8, 2019) (second amended complaint supersedes the original and the amended complaints "which will be treated thereafter as nonexistent") (citing *Ramirez v. County of San Bernardino*, supra, at 1008.)

### C. Plaintiff Failed to Properly Effect Service of Process on SFCCD Defendants

Even if plaintiff's motion was not moot because it targets a complaint that is no longer in effect, default is inappropriate because the operative complaint here was never served on the SFCCD defendants. Service of process must be effective under Federal Rules of Civil Procedure before default or default judgment may be entered against defendant. *See* Fed. R. Civ. P. 55(a) (requiring entry of default when a defendant has failed to plead or otherwise defend as provided

by these rules"); see also *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004) (citing *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996)). Thus, entry of default or entry of default judgment are improper where plaintiff has not properly served the defendant. *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 685 (N.D. Iowa 1995) (where it appears that plaintiffs "have never properly served the defendants, . . . neither entry of default nor entry of default judgment would be proper").

Here, plaintiff filed the FAC which added a new claim for relief (the now-eighth "cause of action" alleging Hobbs Act Violation and Conspiracy to Violate Civil RICO). [ECF 21, ¶ 84.] This claim is asserted against "defendants," and alleges that the SFCCD defendants and the Union defendants[1] were "acting as an enterprise" for the purposes of RICO. [ECF 21, ¶ 84.] Mr. Martinez represented during his February 15, 2019 phone conversation with Ms. Lampasona that the FAC's new eighth cause of action did not apply to the SFCCD defendants – despite their being specifically named in the claim – and plaintiff was therefore not required to re-serve the FAC on the SFCCD defendants. [Lampasona Dec., ¶ 8.] However, a plain reading of the FAC shows that the eighth cause of action is directed against the SFCCD defendants, whatever plaintiff or Mr. Martinez may now claim. [ECF 21, ¶ 84.] Accordingly, because the FAC raised a new claim against the SFCCD defendants, plaintiff was required to serve the amended pleading on the SFCCD defendants pursuant to Rule 5 of the Federal Rules. Fed. R. Civ. P. 5(a)(1) (B), 5(a)(2).

Plaintiff apparently contends that she served Ms. Lampasona in her capacity as counsel for the SFCCD defendants. The FAC's certificate of service reflects that the document was mailed to Ms. Lampasona (to her former address), but as Ms. Lampasona is a defendant in this action and the SFCCD defendants have not yet appeared, she could only be served individually, and not on behalf of any other defendant. Given that plaintiff has failed to properly serve the operative complaint herein on the SFCCD defendants, default against these defendants is improper. *Dahl v. Kanawha Inv. Holding Co., supra,* 161 F.R.D. at 685.

---

[1] "Union defendants" refers to defendant Service Employees International Union, City College Chapter, Local 1021 and its representatives named herein as individual defendants.

### D. <u>Entry of Default Judgment is a Disfavored Procedure</u>

While entry of default judgment is discretionary, the procedure is disfavored by the courts. It is the policy of the law that, wherever possible, cases should be decided on their merits. Therefore, any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985); see *Belcourt Pub. School Dist. V. Davis*, 786 F.3d 653, 661 (10th Cir. 2012) (default judgments "should be a rare judicial act")).

The following factors are considered by the courts in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, plaintiff would suffer *no* prejudice if the default is not entered. This case was just recently filed and there are two pending motions to dismiss, which call into serious doubt the merits of plaintiff's substantive claim and the sufficiency of the complaint. There are multiple issues of disputed fact. Further, even if the default was the result of defendants' misunderstanding of the effect of the filing of the FAC and the eighth cause of action therein, this would constitute excusable neglect, especially considering the strong public policy supporting deciding the case on the merits.

Plaintiff and Mr. Martinez have known at least since October of 2018, when Ms. Lampasona agreed to waive personal service of the original complaint on the SFCCD defendants, that Ms. Lampasona represents these defendants. [Lampasona Dec., ¶ 7.] Ms. Lampasona reminded Mr. Martinez of her representation of the SFCCD defendants by email on January 17, 2019, and had a number of telephone conversations with Mr. Martinez before plaintiff filed her motion for default. [*Id*.] Despite knowing that the SFCCD defendants were represented by Ms. Lampasona and defendants' clear intention to defend this action, neither plaintiff nor Mr.

LOMBARDI, LOPER & CONANT, LLP
2030 Franklin Street, 7th Floor
Oakland, CA 94612

31360-46869

7

DEFS' OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
CASE NO. 3:18-CV-05562-HSG

Martinez ever contacted her before filing this motion to advise of plaintiff's intent to seek a default judgment against the SFCCD defendants. [*Id.*]

Failure to give notice of intent to seek a default judgment, where the parties have been in informal contact but the defendant has not made a formal appearance, is a "serious procedural error" violating due process. *Civic Ctr. Square v. Ford (In re Roxford Foods)*, 12 F.3d 875, 881 (9th Cir. 1993) (failure to provide notice under Rule 55(b)(2) required reversal of default judgment, even in absence of formal appearance because clear intend to defend and numerous informal contacts trigged notice requirement). "Absent special circumstances, the failure to give necessary notice will require that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment." *Id;* see also *Wilson v. Moore & Assoc., Inc.*, 564 F2d. 366, 369 (9th Cir. 1977) (informal "appearance" required Rule 55(b)(2) notice because "informal contacts between the parties [ ] sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").

Federal courts take a dim view of "ambush" litigation tactics, especially where, as here, they result in costly and unnecessary motion practice. It is generally recognized that, as a professional courtesy, "you should warn defendant's counsel of your intent to enter default before doing so" and that "as a practical matter, if you've had *any contact* with an attorney representing the defendant, you should notify that attorney before requesting entry of default." O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL, ·¶ 6:60 (The Rutter Group 2018) (emphasis in original). A party's failure to warn of its intent to move for default may subject it to sanctions, as "some judges may regard [a] lack of courtesy to opposing counsel as the cause of 'unnecessary proceedings,' and impose sanctions accordingly." *Id.*

Here, the policy favoring a decision on the merits, together with the fact that plaintiff (1) seeks to default the SFCCD defendants on a superseded complaint, (2) failed to properly serve the operative complaint on the SFCCD defendants, and (3) gave no notice of her intent to seek a default against parties known to be represented by counsel, make entry of default judgment against the SFCCD defendants manifestly improper.

## IV. CONCLUSION

Plaintiff cannot seek default against the SFCCD defendants on a complaint that is no longer in effect, and the SFCCD defendants cannot be in default on a complaint that was never served on them. For the foregoing reasons, the SFCCD defendants respectfully request this motion be denied.

Dated: February 22, 2019                Respectfully submitted,

                                                LOMBARDI, LOPER & CONANT, LLP

                                                By:  /s/ *Maria M. Lampasona*
                                                        MARIA M. LAMPASONA

LOMBARDI, LOPER & CONANT, LLP
2030 Franklin Street, 7th Floor
Oakland, CA 94612

31360-46869                              9                              DEFS' OPPOSITION TO PLAINTIFF'S
                                                                        MOTION FOR DEFAULT JUDGMENT
                                                                        CASE NO. 3:18-CV-05562-HSG