UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ESCALANTE,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, AND BOARD OF TRUSTEES, et al.,<br><br>Defendants. | Case No. 18-cv-05562-HSG<br><br>**ORDER STRIKING PLAINTIFF'S "SUPPLEMENTAL MOTIONS" AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 57, 64, 66 |

Plaintiff Carolyn Escalante, pro se, filed multiple "motions" in this case that are essentially supplemental briefing on motions that have already been fully briefed. *See* Dkt. Nos. 57, 64, 66. Plaintiff did not obtain prior Court approval before filing any of these motions, in violation of Civil Local Rule 7-3(d). *See* Civil L.R. 7-3(d). The Court therefore addresses Plaintiff's violations and briefing schedule with respect to each of these "supplemental motions."

On April 18, 2019, Plaintiff filed a "Motion to Opposition to San Francisco Community College District's Motion to Dismiss," which is essentially a sur-reply to Defendants' reply in support of their motion to dismiss. Dkt. No. 64. Plaintiff did not obtain prior Court approval before filing her motion. *See* Civil L.R. 7-3(d). Defendants filed their opposition to this motion on May 2, 2019. Dkt. No. 67. Under the rules, Plaintiff is not allowed to respond to Defendants' reply (by filing something called a "motion" or in any other way). The schedule for filings is motion, opposition, and reply, with no further filings permitted absent advance permission from the Court. The Court thus **STRIKES** Dkt. No. 64 for failure to comply with the Local Rules.

Plaintiff also filed a "supplemental motion" to her motion for default judgment *after* filing her reply brief in support of her motion for default judgment, again without obtaining prior Court

approval, in violation of Civil Local Rule 7-3(d). *See* Dkt. No. 57; Civil L.R. 7-3(d). The Court thus **STRIKES** Dkt. No. 57.

Plaintiff then filed another "motion for default judgment," which is essentially a request for sanctions against Defendant Maria M. Lampasona, who is also serving as counsel for SFCCD Defendants. Dkt. No. 66. Defendants may file an opposition to this motion by May 10, 2019, and Plaintiff may file her reply brief by May 17, 2019. Parties must limit their briefings to arguments on the sanctions issue only, as briefing for the motion for default judgment has been completed. Plaintiff's motion will be heard at 2:00 p.m. on May 22, 2019, along with all the other motions currently pending before the Court.

The Court directs Plaintiff to comply with the Civil Local Rules when filing papers, and informs her that the Court will continue to strike and disregard briefs that do not comply with those rules.[1]

It is **HEREBY ORDERED** that:

1. Plaintiff's "Motion to Opposition," Dkt. No. 64, and "Supplemental Motion re Reply to Opposition/Response," Dkt. No. 57, are **STRICKEN**; and
2. Defendants may file an opposition to Plaintiff's Motion for Default Judgment, Dkt. No. 66, by May 10, 2019, and Plaintiff may file her reply brief by May 17, 2019. Plaintiff's motion will be heard at 2:00 p.m. on May 22, 2019.

**IT IS SO ORDERED.**

Dated: 5/6/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court also warns Plaintiff that to the extent Phillip Martinez is acting as her *de facto* legal representative, because Mr. Martinez is not a licensed attorney, this is strictly prohibited. *See* Civil L.R. 3-9(a), 11-1.