UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ESCALANTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, AND BOARD OF TRUSTEES, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-05562-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 86, 96 |

Pending before the Court are the SEIU Defendants'[1] and SFCCD Defendants'[2] (collectively, "Defendants") motions to dismiss Plaintiff's second amended complaint (Dkt. No. 84, "SAC"). Dkt. Nos. 86, 96. On March 17, 2020, the Court took the pending motions under submission.[3] Dkt. No. 113. For the reasons below, the Court **GRANTS** Defendants' motions to dismiss.

---

[1] The SEIU Defendants are: Service Employees International Union, Local 1021 and its affiliate City Chapter, Local 1021; Roxanne Sanchez, President; Kaden Kratzer, Field Director; Athena Steff, President of City College Chapter; and Karl A. Gamarra, Vice President of City College Chapter. SAC ¶¶ 19-23. Plaintiff does not list any SEIU Defendants in the first, second, third, fourth, fifth, sixth, and ninth causes of action.

[2] The SFCCD Defendants are: San Francisco Community College District ("District"); SFCCD's Board of Trustees ("Board of Trustees"); Mark W. Rocha, Chancellor; Dianna R. Gonzales, Vice Chancellor; Steven Bruckman, Executive Vice Chancellor and General Counsel; Trudy Walton, Vice Chancellor; Clara Starr, Associate Vice Chancellor; Elizabeth Coria, Associate Vice Chancellor; MaryLou Leyba-Frank, Dean; Sunny L. Clark, Associate Dean; Joseph A. Guiriba, Dean; Leilani F. Battiste, Deputy General Counsel; Leticia A. Santana Sazo, Human Resources; and Maria M. Lampasona, SFCCD Defendants' outside counsel. SAC ¶¶ 6–18.

[3] The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

## I. BACKGROUND[4]

Plaintiff Carolyn Escalante, proceeding pro se, filed her initial complaint against Defendants on September 11, 2018, alleging causes of action against each Defendant in their individual and official capacities. Dkt. No. 1. Defendants are associated with either the San Francisco Community College District ("SFCCD Defendants") or the Service Employees International Union, Local 1021 ("SEIU Defendants"). On January 8, 2019, Plaintiff filed her first amended complaint, adding Maria M. Lampasona, counsel for the SFCCD Defendants, as a Defendant. Dkt. No. 21 ("FAC").

On September 30, 2019, the Court granted Defendants' motion to dismiss the FAC. Dkt. No. 81 ("MTD Order"). The Court dismissed with prejudice: (1) all federal claims against the District, SFCCD's Board of Trustees, Defendant Lampasona, and the individual SFCCD Defendants in their official capacities; (2) the Section 1983 claim against the individual SFCCD Defendants in their individual capacities; and (3) the FMLA and Section 1983 claims against the SEIU Defendants. The Court also dismissed the following claims with leave to amend: (1) the FMLA, ADA, and Civil RICO claims against the SFCCD Defendants in their individual capacities; (2) the ADA and Civil RICO claims against the SEIU Defendants; and (3) all state law claims.[5]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

---

[4] This case's history and factual background are well-documented, and the Court does not here repeat the factual background from the MTD Order.
[5] On May 12, 2020, Plaintiff also filed separate letters requesting that the Defendants withdraw their "preemption jurisdictional legal arguments," or alternatively inform the Court that the PERB issued a letter dated April 28, 2020, which Plaintiff contends outlines the matters over which PERB would not exercise jurisdiction. Dkt. Nos. 114-15. Although Plaintiff did not file the PERB letter with the Court, Defendants later acquired a copy of the letter ("PERB Letter SF-CE-3275-E"). Dkt. No. 116, Ex. A. Notably, the letter SFCE-3275-E is addressed to Plaintiff's brother, a "Paralegal Specialist." *Id*.

a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted). If dismissal is still appropriate, a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and quotations omitted). Where leave to amend is appropriate, "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**III.   DISCUSSION**

Given that the only basis for subject matter jurisdiction over Plaintiff's state law claims is supplemental jurisdiction, SAC at 2, the Court first addresses the federal claims.

   **A.   The Court's Prior MTD Order**

The Court's prior MTD Order on the Defendants' motion to dismiss provided that all federal claims against the SFCCD Defendants were dismissed with prejudice, and that the section 1983 claim against the individual SFCCD Defendants in their individual capacities was also

dismissed without leave to amend. MTD Order at 18. The Court permitted Plaintiff to amend *only* the FMLA, ADA, and Civil RICO claims, and dismissed without prejudice the state law claims. *Id.* The sixth, seventh, and ninth causes of action in the SAC mirror those in the FAC that the Court dismissed with prejudice, and those causes of action are dismissed on that ground alone. *See, e.g.*, *Overby v. International Longshore and Warehouse Union Local Chapter Eight*, 18-cv-1584-YY, 2018 WL 7200662, at *9 (D. Or. Dec. 14, 2018) ("The dismissal with prejudice [] constitutes a final adjudication on the merits ….").

### B. SFCCD Defendants

#### i. Plaintiff's Causes of Action Against SFCCD and the Individual Defendants are Barred by the Eleventh Amendment and Common Law Immunity

It is well-established that under the Eleventh Amendment, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The Ninth Circuit has held that California state colleges and universities are "dependent instrumentalities of the state" and therefore have Eleventh Amendment immunity. *Id.*; *see also Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994) ("We agree with the defendants that the Eleventh Amendment bars us from hearing Cerrato's claims against the SFCC district."); *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 345 F. Supp. 2d 1096, 1115 (S.D. Cal. 2004) ("As an 'arm' of the state, the [] School District itself is shielded from liability under the Eleventh Amendment."). Individual defendants sued in their official capacities also "share in the district's eleventh amendment immunity." *Mitchell*, 861 F.2d at 201. SFCCD is a public entity, and is therefore immune from liability for the alleged civil rights violations. *Stones v. Los Angeles Cmty. Coll. Dist.*, 572 F. Supp. 1072, 1078 (C.D. Cal. 1983) ("Having balanced the various factors, it is apparent that the District is the type of state agency that enjoys Eleventh Amendment immunity equal to that afforded the state itself.").

There are three exceptions to this immunity: (1) a state may waive its Eleventh Amendment defense; (2) Congress may abrogate the states' sovereign immunity by acting pursuant to a grant of constitutional authority; and (3) a plaintiff may seek prospective injunctive

4

relief to remedy violations of federal law, under the *Ex Parte Young* doctrine. *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001).

The SFCCD Defendants previously argued that the District and individual SFCCD Defendants are entitled to immunity under the Eleventh Amendment. The Court agreed. MTD Order at 6. The Court in turn dismissed the District, the Board of Trustees, and the individual SFCCD Defendants in their official capacities without leave to amend. *Id.* at 8.

The Court now dismisses the SFCCD Defendants in their individual capacities because Plaintiff has failed to plead any facts that describe conduct performed in an individual capacity by any individual defendant, or outside of their official capacities. Although Plaintiff has included the conclusory allegation that these Defendants were operating in their "individual capacities," SAC ¶ 24; Prayer For Relief, this assertion is insufficient. *See Mitchell*, 861 F.2d at 201 (applying Eleventh Amendment immunity to community college district and its employees where facts alleged related to actions by individual defendants in their official capacities, or within the course and scope of their employment). Accordingly, the Eleventh Amendment immunity applies to these employees, and the first, third, fourth, and ninth causes of action are dismissed without leave to amend.[6]

### ii. Second and Fifth Causes of Action

Plaintiff's second and fifth causes of action allege retaliation and interference in violation of the FMLA, 29 U.S.C. § 2601 *et seq*.[7] Plaintiff appears to allege the second and fifth causes of action against individual Defendants Rocha, Gonzales, Sazo, Bruckman, Coria, Guiriba, and

---

[6] Plaintiff argues that Defendants waived their Eleventh Amendment defense when they either rejected or ignored her "Tort Claim." Dkt. No. 103 at 12. However, a public entity's compliance with the claims presentation previsions statutes of the Tort Claim Act (Cal. Gov. Code § 910, et seq.), either by rejecting or ignoring a claim, does not act as a waiver of its Eleventh Amendment immunity, and none of the cases cited by Plaintiff support such a conclusion. Instead, the Supreme Court, the Ninth Circuit, and other courts within the Ninth Circuit have held the opposite. *See, e.g.*, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) ("[I]n order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in federal court.").

[7] Plaintiff's second claim also asserts FEHA retaliation against individual Defendants Sazo, Battiste, and Gonzalez, SAC ¶ 110, and Plaintiff's fifth cause of action asserts a CFRA claim against Rocha, Gonzales, Sazo, Bruckman, Coria, Guiriba, and Lampasona. The Court will decline supplemental jurisdiction over any state law claims unless and until Plaintiff successfully pleads a federal claim, so it need not discuss the state law claims at this stage.

United States District Court
Northern District of California

Lampasona. SAC ¶ 113.

Under the FMLA, Plaintiff may bring a claim for retaliation, interference, or both. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003). "Where an employee is punished for opposing unlawful practices by the employer, the issue then becomes one of discrimination and retaliation." *Id*. at 1133 (citation omitted). As to interference, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id*. (citing 29 U.S.C. § 2615(a)(1)). The FMLA provides a private cause of action against employers who allegedly violate the protections of the act. 29 U.S.C. § 2617(a)(1).

In the Ninth Circuit, terminating or subjecting an employee to negative consequences for the use of FMLA leave constitutes interference, not retaliation. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001); *Xin Liu*, 347 F.3d at 1136 ("[W]here an employee is subjected to negative consequences simply because [s]he has used FMLA leave, the employer has interfered with the employee's FMLA rights.") (quoting *Bachelder*, 259 F.3d at 1124).[8] The Court therefore considers Plaintiff's FMLA claim as one for interference, rather than retaliation.[9]

To establish a prima facie case of FMLA interference, Plaintiff must establish that (1) she was eligible for the FMLA's protections, (2) her employer was covered by the FMLA, (3) she was

---

[8] Plaintiff's FLMA claim does not fall under the "anti-retaliation" or "anti-discrimination" provision of 29 U.S.C. § 2615(a)(2), which prohibits "discriminat[ion] against any individual for opposing any practice made unlawful by the subchapter," nor does it fall under the anti-retaliation or anti-discrimination provision of section 2615(b), which prohibits discrimination against any individual for instituting or participating in FMLA proceedings or inquiries. The anti-retaliation or anti-discrimination provisions do not cover negative consequences imposed on an employee because she has used FMLA leave. Such conduct is covered under section 2615(a)(1), the provision governing "Interference [with the] Exercise of rights." *See Bachelder*, 259 F.3d at 1124 (holding that a claim by a former employee that he was denied the use of FMLA leave is a claim of a substantive right covered under (a)(1), and not (a)(2)).

[9] Defendants contend that the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies to FMLA causes of action. Dkt No. 96 at 16-17. But the Ninth Circuit has declined to apply the *McDonnell Douglas* framework to FMLA interference claims (as opposed to retaliation claims). *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) ("In this circuit, we have declined to apply the type of burden shifting framework recognized in *McDonnell Douglas* to FMLA 'interference' claims; rather, '[an employee] can prove this claim, as might any ordinary statutory claim, by using either direct or circumstantial evidence, or both.'") (citation omitted). Because Plaintiff fails to adequately plead under any standard that she was retaliated against with regard to taking or requesting FMLA leave, the Court need not resolve how the standard might differ for the two variants of the claim.

1  entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and
2  (5) her employer denied her FMLA benefits to which she was entitled.  *See Escriba v. Foster*
3  *Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014); *Sanders*, 657 F.3d at 778.  Interference
4  encompasses a broad range of conduct, including "denying leave, [or] discouraging an employee
5  from using leave."  *Hoang v. Wells Fargo Bank N.A.*, 724 F.Supp.2d 1094, 1106 (D. Or. 2010)
6  (citing *Xin Liu,* 347 F.3d at 1133).  In other words, to establish a prima facie case of interference
7  under the FMLA, an employee must demonstrate that the employer "interfered" with the
8  employee's efforts to avail herself of rights to which she was entitled under the FMLA.  *See*
9  *Sanders*, 657 F.3d at 778; *Xin Liu*, 347 F.3d at 1132-33.

10  In support of her FMLA claim, Plaintiff alleges that after she was approved for leave, there
11  was a miscalculation of her leave time (which Plaintiff alleges constitutes a "disciplinary action"
12  taken after she used her FMLA leave), and that Defendants thus implemented a "policy, practice
13  or procedure which employed retaliation" as a method to punish Plaintiff.  SAC ¶ 113.  Plaintiff
14  also contends that the Defendants "conspired to injure, oppress, retaliate, threaten, or intimidate
15  me by engaging in unlawful employment practices and retaliation by fabricating and falsifying
16  documents used to take disciplinary action against me for excising my statutory rights under
17  FMLA, FEHA, and related statutory provisions."  *Id.* ¶ 110.

18  It appears that Plaintiff is alleging that she was approved for and took FMLA leave, but
19  that then the amount of leave was improperly calculated.  In support of this theory, Plaintiff
20  alleges that the Defendants fabricated false reasons to deplete her FMLA leave, and that they
21  manipulated and falsified records as part of the miscalculation.  *Id.*; *see also id.* ¶¶ 87-97
22  (describing Plaintiff's background process of requesting the "method of calculation" of her FMLA
23  leave from Defendants).  For example, among other allegations, Plaintiff alleges that between
24  January 11, 2018 and April 6, 2018, she used 55.5 hours of leave, but was charged for 148.5 hours
25  of leave.  *See id.* ¶ 91.  From April 2, 2018 to April 13, 2018, Plaintiff alleges that she was
26  improperly charged 80 hours against her intermittent leave hours.  *See id.* ¶ 94.[10]

---

[10] Although the total number of hours that Plaintiff believes were improperly calculated is unclear, Plaintiff alleges that Defendants attempted to recalculate her leave several times.  SAC ¶¶ 97, 100-

7

1    Even accepting Plaintiff's calculations as true, Plaintiff does not plead any particular
2    adverse employment action that materially affected her attempts to exercise any FMLA rights,
3    including a denial of her right to use FMLA leave.  Plaintiff takes issue with the calculation of her
4    FMLA leave, but Plaintiff's allegations, at best, only establish an improper calculation of her
5    FMLA leave, which, absent allegations of interference with her right to actually avail herself of
6    the FMLA leave, does not fall within the ambit of FMLA interference.  *See, e.g.*, *Ragsdale v.*
7    *Wolverine World Wide, Inc.*, 535 U.S. 81, 91 (2002) (a plaintiff must show that she detrimentally
8    relied on and was prejudiced by defendant's improper notice [of remaining FMLA calculation],
9    such that "the employee would have exercised his or her FMLA rights in the absence of the
10   employer's actions"); *Bachelder*, 259 F.3d at 1121 (cause of action viable where employee was
11   terminated for poor attendance due to miscalculation of FMLA leave); *Summers v. Middleton &*
12   *Reutlinger, P.S.C.*, 214 F.Supp.2d 751, 757 (W.D. Ky. 2002) ("Plaintiff has presented no evidence
13   of prejudice resulting from defendant's retroactive FMLA leave designation.").

14    At most, Plaintiff alleges that she was disciplined and reprimanded for taking FMLA leave
15   or covered absences during a meeting on November 16, 2017, and in a letter dated November 27,
16   2017.  SAC ¶ 64.  Plaintiff appears to attach a portion of the relevant letter as Exhibit 2 to the
17   SAC.  *Id.* at 55.  Taking all well-pled allegations in Plaintiff's favor, the Court finds that Plaintiff
18   has failed to adequately and plausibly plead that this disciplinary action was related to any FMLA-
19   protected conduct.  Based solely on Plaintiff's allegations, Plaintiff appears to have sought,
20   received and taken FMLA leave in 2001, 2003, and 2010, SAC ¶¶ 30, 32, then not again until
21   2018, *id.* ¶¶ 72, 87, 90-108.  Therefore, beyond the bare assertion that FMLA-protected activity
22   was a basis for the alleged disciplinary action in November 2017, Plaintiff fails to plausibly plead
23   facts supporting this claim (by, for example, alleging that she took or sought FMLA leave at any
24   time close in time to and before the November meeting or letter).  Significantly, the letter attached
25   to the SAC does not reference the FMLA at all, and only references Plaintiff's "tardiness" and
26   "attendance."[11]

---

106.
[11] Defendants are encouraged to enter into the record the complete letter that includes the

8

This is fatal to adequately pleading an FMLA cause of action because there is no nexus pled between Plaintiff requesting or taking leave, or the alleged miscalculation of time, and any disciplinary or negative action. Plaintiff took FMLA leave on a number of occasions, has remaining FMLA leave, and fails to plead that her employer or any of the Defendants denied, discouraged, or interfered with her attempts to avail herself of FMLA leave. Taking all well-pled allegations in Plaintiff's favor, Plaintiff's grievances, without more, do not state a viable FMLA interference cause of action.

To the extent that Plaintiff is able to truthfully plead that she sought or took FMLA leave in proximity to the time of the alleged disciplinary action in November 2017, or otherwise plausibly allege facts supporting her claim that FMLA leave was the reason for disciplinary action, this cause of action could be viable. Therefore, because the Court cannot say that allowing amendment of the SAC would be futile, the Court will allow Plaintiff one final opportunity to amend *only* the FMLA claims in the second and fifth causes of action. Plaintiff must adequately plead facts plausibly showing a nexus between an FMLA-protected right and the alleged disciplinary action. As of now, the Court sees no facts plausibly alleging the relationship between this disciplinary action and any right protected under the FMLA, but the Court will **GRANT** the motion to dismiss these causes of action with leave to amend to give Plaintiff a final opportunity to adequately allege such facts if she can do so truthfully.

### iii. Fourth Cause of Action

Plaintiff's fourth cause of action alleges violations of the Americans with Disabilities Act ("ADA"), as well as FEHA, based on a failure to accommodate. SAC ¶ 112. This cause of action is pled only against individuals Mr. Guiriba and Ms. Battiste in their individual capacity.

As a preliminary matter, and as noted above, only Defendants sued in their official capacity are proper parties under the ADA. *See Hayes v. Voong*, 709 Fed.Appx. 494, 495 (9th Cir. 2018) ("The district court properly dismissed [ADA] claims against defendants in their individual

---

referenced attached memorandum highlighting Plaintiff's work schedule and the dates on which Plaintiff was late or absent since July 2017, as that document plainly appears to be incorporated by reference in the SAC.

9

capacities because Title II of the ADA … do[es] not authorize claims against State officials in their individual capacities.");[12] *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act"); *see also Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) ("The director and all of the other defendants must have been sued in their official capacities—that is, as proxies for the state, … rather than their individual capacities, because the ADA addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of these organizations.") (internal citations omitted), *overruled on other grounds by Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Plaintiff has brought this cause of action against Mr. Guiriba and Ms. Battiste only in their individual capacity, SAC ¶¶ 15-16, and this cause of action can be dismissed on that ground alone.

Because an ADA cause of action cannot be plead against these individual Defendants in their individual capacities, the Court **GRANTS** the motion to dismiss this cause of action without leave to amend.

### iv. Ninth Cause of Action

The Court previously dismissed Plaintiff's violation of civil rights cause of action against the District, the Board of Trustees, and SFCCD Defendants in their official and individual capacities without leave to amend as frivolous. Dkt. No. 81 at 8, 11. Plaintiff nonetheless included the ninth cause of action for "Violation of Civil Rights" within the SAC naming only Defendants Guiriba and Coria, who are SFCCD Defendants, and whom Plaintiff clearly states within the SAC are being sued in their "individual capacities." SAC ¶¶ 12, 15, 118-119. This cause of action has been previously dismissed, and is dismissed again here.

### v. Qualified Immunity for SFCCD Employee-Defendants

Lastly, public employees are protected by common-law qualified immunity. This is not

---

[12] As an unpublished Ninth Circuit decision, *Hayes* and the other unpublished cases cited in this order are not precedent, but may be considered for their persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

only an immunity from liability, but "an immunity from suit," meaning it confers immunity from the burdens of trial and pretrial discovery and protects public employees who carry out executive and administrative functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). A court considering a claim of qualified immunity makes a two-pronged inquiry: (1) whether the Plaintiff has alleged the deprivation of a cognizable constitutional right, and (2) whether that right was clearly established at the time of defendant's alleged misconduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Saucier v. Katz*, 535 U.S. 194, 201 (2001)). With respect to the second prong, the Supreme Court held that "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning that existing precedent…placed the statutory or constitutional question beyond debate." *City and Cty. Of San Francisco, Cal. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015). At the motion to dismiss stage, a complaint will survive a qualified immunity defense if it "contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right." *Keates v. Koile*, 883 F.3d 1228, 1234–35 (9th Cir. 2018) (citation and quotation omitted).

As discussed above, the Court previously dismissed Plaintiff's "Violation of Civil Rights" cause of action against the individual SFCCD Defendants without leave to amend, and dismissed the ADA, FMLA and Civil RICO claims against the SFCCD Defendants in their individual capacities with leave to amend. MTD Order at 11. The SAC does not allege what, if any, purported misconduct violated Plaintiff's particular constitutional rights. As discussed above, as to Plaintiff's FMLA claim, Plaintiff fails to allege specific acts which interfered with her right to use her FMLA leave, and instead merely "incorporates by reference each and every allegation contained in paragraphs 1 thru 110." SAC ¶ 111. Within the Prayer for Relief in the SAC, Plaintiff only states that "the defendants, and each of them are liable in their individual capacities under Federal and applicable State law for violations of their own Statutes, Rules, Regulations, Administrative Policies, Directives, as they relate to violations of my Constitutional rights." *Id.* at 42. Such conclusory allegations are insufficient to plead that the SFCCD Defendants violated any constitutional right under any of the alleged causes of action.

11

Even if Plaintiff could allege a deprivation of any constitutional right, the allegations in the SAC are far too general for the Court to find that such right was "clearly established" at the time of any alleged misconduct. *See White v. State of Alaska*, 46 F.3d 1149 (9th Cir. 1995) (table) (affirming grant of qualified immunity when allegations were "too general to establish a violation of a clearly established right such that a reasonable official would understand that his actions were violative of that right"). The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 555 U.S. at 231.

Here, Plaintiff has had two opportunities to amend her complaint, and has failed to plead even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right. Therefore, while the Court does not rely solely upon common law qualified immunity for dismissal, the Court finds that this is a second independent ground for dismissal of Plaintiff's section 1983 claims against SFCCD and the Individual Defendants. Because Plaintiff had the opportunity to amend to remedy this defect and failed to do so, dismissal on this ground is without leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### C. All Defendants

#### i. Eighth Cause of Action

Plaintiff's eighth cause of action against only SFCCD employees Gonzalez and Bruckman alleges "Hobbs Act Violation and Conspiracy to Violate Civil Rico." SAC ¶ 117. The Hobbs Act makes it a crime to, among other things, "obstruct or affect commerce by extortion." 18 U.S.C. § 1951(a). The term "'extortion' means the 'obtaining of property from another with his consent induced by wrongful use of . . . force, violence, or fear, or under color of official right.'" *Grauberger v. St. Francis Hosp.*, 169 F. Supp. 2d 1172, 1178 (N.D. Cal. 2001) (finding that the filing of a legal claim does not implicate the "fear" provision of the Hobbs Act). Similarly, RICO makes it a crime to engage in a pattern of racketeering activity. 18 U.S.C. § 1962.

To state a claim under § 1962(c), Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to

plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Plaintiff alleges that she was forced "against her own free will to pay union dues by illegally extracting monies from her employment wages" in violation of the Hobbs Act and RICO. SAC ¶ 117. Plaintiff further alleges that Defendants "knowingly, willfully, intentionally, and unlawfully conspired to use threats of intimidation and employment termination" to induce her to pay union dues against her will. *Id.* The only allegations involving the SFCCD Defendants concern Plaintiff's request to "cease its illegal practice of involuntary forcing dues deductions from Escalante's wages under threat of employment termination . . . ." *Id.*

The Court previously concluded that there is no private right of action for violation of the Hobbs Act. MTD Order at 15-16. When granted leave to amend the RICO claim, Plaintiff was provided with an outline of what she needed to allege to plead a viable RICO claim, including the "time, place, and manner of each act of fraud." *Id.* at 16. The Court reiterated that "a Plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud." *Id*. To plead a pattern of racketeering activity, Plaintiff must "show[] that the predicate acts have the 'the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events" and plead "with particularity how the alleged predicate acts proximately harmed her property." *Id.* at 16-17.

However, the SAC does not describe these threats, when they were made, or by whom. Plaintiff's general and conclusory assertions of "threats of intimidation" and "employment termination" are insufficient to show that defendants engaged in racketeering activity in violation of the Hobbs Act or RICO. *Grauberger*, 169 F.Supp.2d at 1176. The allegations that the extraction of money from Plaintiff's wages constituted a pattern of racketeering activity are plainly insufficient. Because the eighth cause of action does not meet the minimum pleading requirements necessary to state a civil RICO claim, and Plaintiff did not make any material changes to this claim after being given leave to amend, this claim is dismissed without leave to amend.

13

IV. **CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**. All of Plaintiff's federal claims are dismissed without leave to amend, with the exception of her FMLA claims *only*. The Court will consider the adequacy of the state law claims only if Plaintiff can state a viable FMLA cause of action; if she again fails to do so, the Court will dismiss the FMLA claim without leave to amend and decline supplemental jurisdiction over the state claims.

**Plaintiff may not add any new causes of action to an amended complaint, and Plaintiff's FMLA causes of action may only be pled as against the same Defendants in the SAC. Plaintiff must not replead any cause of action, or name any Defendant, that has been dismissed with prejudice or dismissed without leave to amend. Any amended complaint must be filed within 28 days from the date of this Order.**[13]

**IT IS SO ORDERED.**

Dated: 9/25/2020

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[13] Plaintiff again named Ms. Lampasona as a defendant. SAC ¶¶ 18, 113. However, the Court clearly stated in the MTD Order that California's litigation privilege shields Ms. Lampasona from liability, as all the facts against defendant Lampasona relate to the subject matter of the litigation. MTD Order at 11. Accordingly, the Court granted the SFCCD Defendants' motion to dismiss the claims against defendant Lampasona without leave to amend. *Id.* at 31. For the avoidance of doubt, the Court again dismisses these claims from the SAC without leave to amend.