UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN ESCALANTE,<br><br>       Plaintiff,<br><br>v.<br><br>SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, AND BOARD OF TRUSTEES, et al.,<br><br>       Defendants. | Case No. 18-cv-05562-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 119, 120 |

Pending before the Court are the SEIU Defendants'[1] and SFCCD Defendants'[2] (collectively, "Defendants") motions to dismiss Plaintiff's third amended complaint (Dkt. No. 118, "TAC").[3] Dkt. Nos. 119, 120. For the reasons below, the Court **GRANTS** Defendants' motions to dismiss.[4]

---

[1] The SEIU Defendants are: Service Employees International Union, Local 1021 and its affiliate City Chapter, Local 1021; Athena Steff, President of City College Chapter; and Karl A. Gamarra, Vice President of City College Chapter. TAC ¶¶ 24-26.

[2] The SFCCD Defendants are: San Francisco Community College District ("District"); SFCCD's Board of Trustees ("Board of Trustees"); Mark W. Rocha, Chancellor; Dianna R. Gonzales, Vice Chancellor; Steven Bruckman, Executive Vice Chancellor and General Counsel; Trudy Walton, Vice Chancellor; Clara Starr, Associate Vice Chancellor; Elizabeth Coria, Associate Vice Chancellor; MaryLou Leyba-Frank, Dean; Sunny L. Clark, Associate Dean; Joseph A. Guiriba, Dean; Leilani F. Battiste, Deputy General Counsel; and Leticia A. Santana Sazo, Human Resources. TAC ¶¶ 12–23.

[3] The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

[4] Also pending are Plaintiff's motions to amend her third amended complaint, Dkt. Nos. 126 and 133, and motion for leave to file a fourth amended complaint, Dkt. No. 127. Because the Court grants the motions to dismiss the TAC without leave to amend, Plaintiff's other motions are **DENIED AS MOOT**.

## I. BACKGROUND[5]

Plaintiff Carolyn Escalante, proceeding pro se, filed her initial complaint against Defendants on September 11, 2018, alleging causes of action against each Defendant in their individual and official capacities. Dkt. No. 1. Defendants are associated with either the San Francisco Community College District ("SFCCD Defendants") or the Service Employees International Union, Local 1021 ("SEIU Defendants"). On January 8, 2019, Plaintiff filed her first amended complaint. Dkt. No. 21 ("FAC").

On September 30, 2019, the Court granted Defendants' motion to dismiss the FAC. Dkt. No. 81 ("First MTD Order"). The Court dismissed with prejudice: (1) all federal claims against the District, SFCCD's Board of Trustees, Defendant Lampasona, and the individual SFCCD Defendants in their official capacities; (2) the Section 1983 claim against the individual SFCCD Defendants in their individual capacities; and (3) the FMLA and Section 1983 claims against the SEIU Defendants. *Id.* The Court also dismissed the following claims with leave to amend: (1) the FMLA, ADA, and Civil RICO claims against the SFCCD Defendants in their individual capacities; (2) the ADA and Civil RICO claims against the SEIU Defendants; and (3) all state law claims. *Id.*

On December 5, 2019, Plaintiff filed her second amended complaint. Dkt. No. 84 ("SAC"). On September 25, 2020, the Court granted Defendants' motions to dismiss the SAC. Dkt. No. 117 ("Second MTD Order"). The Court dismissed all of Plaintiff's federal claims without leave to amend, "with the exception of her FMLA claims *only*." *Id.* at 14. The Court further emphasized that "Plaintiff must not replead any cause of action" and that she may only plead her FMLA causes of action "as against the same Defendants in the SAC." *Id.* She was also instructed to refrain from naming any new Defendants or pleading any claims that had been dismissed with prejudice or without leave to amend. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

---

[5] This case's history and factual background are well-documented, and the Court does not here repeat the factual background from the first MTD order. Dkt. No. 81.

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). For that reason, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations marks and citations omitted).

### III. DISCUSSION

Given that the only basis for subject matter jurisdiction over Plaintiff's state law claims is supplemental jurisdiction, TAC at 5, the Court first addresses the federal claims.

#### A. The Court's Prior MTD Orders

The Court's first order on the Defendants' motions to dismiss provided that all federal claims against the SFCCD Defendants were dismissed with prejudice, and that the section 1983 claim against the individual SFCCD Defendants in their individual capacities was also dismissed without leave to amend. First MTD Order at 18. The Court permitted Plaintiff to amend *only* the FMLA, ADA, and Civil RICO claims, and dismissed without prejudice the state law claims. *Id*.

3

1  In its subsequent order on Defendants' motions to dismiss the SAC, the Court further constrained
2  Plaintiff to repleading only her FMLA claims as found in the SAC's second and fifth causes of
3  action. Second MTD Order at 14. Plaintiff was also instructed to replead only against the same
4  individual Defendants as listed in those causes of action[6] and only in their individual—and not
5  official—capacities. *Id*.

### B.  SEIU Defendants

No SEIU Defendant was named in the SAC's second and fifth causes of action. *Id.* at 5-6. Nonetheless, Plaintiff lists SEIU Defendants again in the TAC and pleads causes of action against them. TAC ¶¶ 24-26. Since claims against these Defendants were dismissed without leave to amend following the SAC, they are dismissed again here.

### C.  SFCCD Defendants

#### i.  Plaintiff's Causes of Action Against SFCCD and Individual Defendants Acting in Their Official Capacity are Barred by the Eleventh Amendment and Common Law Immunity

It is well-established that under the Eleventh Amendment, "agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The Ninth Circuit has held that California state colleges and universities are "dependent instrumentalities of the state" and therefore have Eleventh Amendment immunity. *Id.*; *see also Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 972 (9th Cir. 1994). Individual defendants sued in their official capacities also "share in the district's eleventh amendment immunity." *Mitchell*, 861 F.2d at 201. As the Court stated previously, the District and individual SFCCD Defendants are entitled to immunity under the Eleventh Amendment. Second MTD Order at 5. The Court therefore dismissed the District, the Board of Trustees, and the individual SFCCD Defendants in their official capacities without leave to amend. *Id.* It dismisses them again here.

#### ii.  FMLA Causes of Action

The main thrust of Plaintiff's five newly reorganized causes of action in the TAC is that

---

[6] In the SAC, Plaintiff alleged FMLA violations against Defendants Sazo, Battiste, and Gonzales in her second cause of action. She alleged FMLA violations against Defendants Rocha, Gonzales, Sazo, Battiste, Bruckman, Coria, Guiriba, and Lampasona in her fifth cause of action.

4

1    some of the Defendants unlawfully interfered with Plaintiff's rights under the FMLA, 29 U.S.C. §
2    2601 *et seq*. TAC ¶¶ 108-112. Plaintiff appears to allege these causes of action against individual
3    Defendants Steff, Gamarra, Clark, Leyba, Starr, Battiste, Rocha, Gonzales, Sazo, Bruckman,
4    Coria, and Guiriba. *Id.* Plaintiff was made aware that no new defendants could be added to any
5    repled FMLA claims in her TAC. On this basis, all claims against Defendants Clark, Leyba, Starr,
6    Steff, and Gamarra are dismissed.

7    The Court previously found that Plaintiff's FMLA claims fell under the category of
8    interference, as opposed to retaliation or discrimination. Second MTD Order at 5-6. To establish
9    a prima facie case of FMLA interference, Plaintiff must establish that (1) she was eligible for the
10   FMLA's protections, (2) her employer was covered by the FMLA, (3) she was entitled to leave
11   under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her
12   employer denied her FMLA benefits to which she was entitled. *See Escriba v. Foster Poultry*
13   *Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014); *Sanders,* 657 F.3d at 778. In other words, to
14   establish a prima facie case of interference under the FMLA, an employee must demonstrate that
15   the employer "interfered" with the employee's efforts to avail herself of rights to which she was
16   entitled under the FMLA. *See Sanders,* 657 F.3d at 778; *Xin Liu,* 347 F.3d at 1132-33.

17   Plaintiff has not alleged any additional facts in the TAC that were not already alleged in
18   the SAC. The TAC is, in fact, nearly identical in its allegations to the SAC. Plaintiff has thus
19   failed to cure the deficiencies in the SAC. The Court explained these deficiencies previously. *See*
20   Second MTD Order at 7-9.

21   Plaintiff continues to allege "that she was approved for and took FMLA leave, but that
22   then the amount of leave was improperly calculated." *Id.* at 7. "In support of this theory, Plaintiff
23   alleges that the Defendants fabricated false reasons to deplete her FMLA leave, and that they
24   manipulated and falsified records as part of the miscalculation." *Id.* But, "[e]ven accepting
25   Plaintiff's calculations as true, Plaintiff does not plead any particular adverse employment action
26   that materially affected her attempts to exercise any FMLA rights, including a denial of her right
27   to use FMLA leave." *Id.* at 8. "Plaintiff's allegations, at best, only establish an improper
28   calculation of her FMLA leave, which, absent allegations of interference with her right to actually

avail herself of the FMLA leave, does not fall within the ambit of FMLA interference." *Id.* These findings are as true after the TAC as they were after the SAC.

At most, Plaintiff claims she was disciplined during a meeting on November 16, 2017, and in a letter dated November 27, 2017 for taking FMLA leave or covered absences. TAC ¶¶ 70, 80. As support for these allegations, Plaintiff attaches to the TAC a November 30, 2017 letter from Alex Guiriba that states that it serves as "a written reprimand" and includes a list of Plaintiff's "tardiness and absences since July 1, 2017." TAC, Attachment #1. The list includes numerous entries for late arrivals and absences related to sickness and family illness. *Id.* But despite Plaintiff's conclusory statement that these were "'FMLA Covered' absences" used as a "basis for disciplinary action," the letter does not reference the FMLA at all. *Id.* Further, Plaintiff fails to allege that she sought to take, or took, FMLA leave related to the late arrivals and absences that were the basis of the disciplinary action. More generally, Plaintiff fails to "plead that she sought or took FMLA leave in proximity to the time of the alleged disciplinary action in November 2017." Second MTD Order at 9.

The Court reiterates its previous finding that "Plaintiff has failed to adequately and plausibly plead that this disciplinary action was related to any FMLA-protected conduct." *Id.* at 8. "Based solely on Plaintiff's allegations, Plaintiff appears to have sought, received and taken FMLA leave in 2001, 2003, and 2010 . . . then not again until 2018." *Id.* "Therefore, beyond the bare assertion that FMLA-protected activity was a basis for the alleged disciplinary action in November 2017, Plaintiff fails to plausibly plead facts supporting this claim." *Id.*

The TAC confirms that Plaintiff's FMLA claims continue to be fatally inadequate since there is "no nexus pled between Plaintiff requesting or taking leave, or the alleged miscalculation of time, and any disciplinary or negative action." *Id*. at 9. Because she has had multiple opportunities to state a claim, but again has not done so, Plaintiff's FMLA claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

        iii.    **Civil Rights Causes of Action**

The Court twice before dismissed Plaintiff's violation of civil rights cause of action against the District, the Board of Trustees, and SFCCD Defendants in their official and individual

6

capacities without leave to amend as frivolous.  First MTD Order at 8, 11; Second MTD Order at 10.  Plaintiff nonetheless includes in the TAC's first, third, fourth, and fifth causes of action claims of civil rights violations.  TAC ¶¶ 108, 110-112.  This cause of action has been previously dismissed, and is dismissed again here.

### iv. Constitutional Cause of Action

Plaintiff continues to plead causes of action based on constitutional violations even though she was not granted leave to amend those claims.  And as the Court explained previously, public employees are protected by common-law qualified immunity.  Second MTD Order at 10-11.  Yet the TAC, like the SAC, does not allege any purported misconduct that violates Plaintiff's clear and particular constitutional rights.  Plaintiff still fails to allege specific and unconstitutional acts against Defendants and instead merely claims that many of them sought to "interfere with, abridge, obstruct, or deny [her] full and equal treatment in the exercise of [her] rights under . . . [*sic*] Fifth and Fourteenth Amendments to the U.S. Constitution."  TAC ¶ 112.  As was true in the SAC, such conclusory allegations are insufficient and overbroad.  Plaintiff's constitutional claims are once again dismissed without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are **GRANTED**.  All of Plaintiff's federal claims are **DISMISSED WITHOUT LEAVE TO AMEND**.  Because Plaintiff has been unable to state a viable federal cause of action, the Court declines supplemental jurisdiction over the state claims and dismisses those claims without prejudice to being raised in state court.  The Court also **DENIES AS MOOT** Plaintiff's currently pending motions, Dkt. Nos. 126, 127, and 133.[7]

//

//

---

[7] Plaintiff's motions to further amend the TAC to remove the SEIU Defendants in response to Defendants' threat of Rule 11 sanctions do not change the Court's analysis of the dispositive deficiencies in the TAC.  Dkt. Nos. 126 and 133.  Plaintiff's motion for leave to file a fourth amended complaint seeks leave to add ADA claims which the Court has already dismissed without leave to amend.  Dkt. No. 127.  Such amendments would be futile in light of the noted failure to correct previously identified deficiencies.

The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED.**

Dated: 2/11/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge